**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL, AIR, RAIL TRANSPORTATION WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY, HEALTH & WELFARE, EDUCATION AND SUPPLEMENTAL UNEMPLOYMENT FUNDS, et al. <br><br> Plaintiffs, <br><br> v. <br><br> ARCHITECTURAL SHEET METAL, INC., <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 24-2579 (KMW-EAP) <br><br> **OPINION** |

APPEARANCES:

STEVEN J. BUSHINSKY, ESQ.
509 S. LENOLA ROAD, BUILDING 6
MOORESTOWN, NJ 08057

> *Counsel for Plaintiffs Trustees of the Sheet Metal, Air, Rail Transportation Workers International Association Local 27 Annuity, Health & Welfare, Education and Supplemental Unemployment Funds, and Sheet Metal, Air, Rail Transportation Workers International Association Local Union 27*

**WILLIAMS, District Judge:**

## I.  INTRODUCTION

Trustees of the Sheet Metal, Air, Rail Transportation Workers International Association Local 27 Annuity, Health & Welfare, Education and Supplemental Unemployment Funds, ("Plaintiff Funds"), and Sheet Metal, Air, Rail Transportation Workers International Association Local Union 27, ("Plaintiff Union") (collectively "Plaintiffs"), brings this action against Defendant Architectural Sheet Metal, Inc., alleging that they violated Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145 and seek to enforce the provisions of ERISA and the terms of their governing documents as a result of Defendant's failure to comply with the terms of its collective bargaining agreements and labor agreements.

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 11). To date, Defendant has not filed an appearance nor responded to the Complaint or the instant motion. For the reasons that follow, Plaintiffs' Motion for Default Judgment is **GRANTED**.

## II.  BACKGROUND

Defendant was and is currently a signatory to a collective bargaining agreement with Plaintiff Union ("Trust Agreements"), which requires Defendant to regularly pay to the Funds contributions determined by the hours worked by Defendant's employees, including its owner-member. Compl. at ¶¶ 20-21. Contributions are required to be made on a timely basis during the month following the month in which the hours were worked, and if delinquent pursuant to the Trust Agreement's terms, Defendant is required to pay liquidated damages for each delinquent contribution with the interest that accrues pursuant to the Trust Agreements until paid. *Id.* at ¶ 21. The Trust Agreements require that Defendant maintain payroll records and submit relevant records

to Plaintiffs for examination to ensure full and prompt payments of all sums required to be paid. *Id.* at ¶22.

Beginning on March 6, 2023, Defendant has failed to remit or has only remitted a portion of the required contributions to the Funds. *Id.* ¶ 27. Plaintiffs have requested the remittance reports and remittance of payment of the contributions and penalties have been demanded, but Defendant has refused to submit the required reports and payments. *Id.* ¶ 30. The Funds have been adversely affected by Defendant's failure to pay benefit contributions and such failure violates § 515 of ERISA, 29 U.S.C. § 1145 and the Trust Agreements between Plaintiffs and Defendant. *Id.* at ¶¶ 28-29.

On March 12, 2024, Plaintiffs filed a Complaint against Defendant, seeking damages pursuant to the Trust Agreements, ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185, as well as all unpaid contributions, interest, liquidated damages, reasonable attorney's fees, court costs, and any other relief the Court deems appropriate, (ECF No. 1). On March 14, 2024, Summons was issued to Defendant, (ECF No. 4). On March 20, 2025, Summons was returned executed, (ECF No. 5). On April 12, 2024, a Clerk's Entry of Default was entered. On September 30, 2024, Plaintiffs filed the instant motion for Default Judgment and an Affidavit of Service for the Motion for Default Judgment, (ECF No. 11).

### III.  LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 55(b)(2)

Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that has failed to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2); *see also Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017). Rule 55 establishes a two-step process for obtaining a default judgment: (1) the party seeking default

must obtain an entry of default by the Clerk of the Court; and (2) once the Clerk of the Court has entered the default, the party can seek a default judgment. It is within the discretion of the district court whether to grant a motion for default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (explaining that the entry of default by the Clerk does not automatically entitle the non-defaulting party to default judgment; rather, the entry of default judgment is left primarily to the discretion of the district court). "Once a party has defaulted, the consequence is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.*, No. 20-9537, 2021 WL 1541054 at*3 (D.N.J. Apr. 20, 2021). With regard to damages, the Court may order or permit a plaintiff to provide additional evidence to support their allegations. *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210 at *5 (D.N.J. May 1, 2012).

The moving party is not entitled to default judgment as a right; rather, the Court may enter a default judgment "'only if the plaintiff's factual allegations establish the right to the requested relief.'" *Dellecese*, 2017 WL 957848, at *2 (quoting *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012)); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (stating that "this court does not favor entry of defaults and default judgments" and noting the Court's preference that cases be decided on the merits).

Accordingly, before granting default judgment, a court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether a defendant has been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. *See Tri-Union Seafoods, LLC*,

4

2021 WL 1541054 *3. Further, the Court must consider the additional following factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *Id.* (quoting *Chamberlain*, 210 F.3d at 164) (internal quotations omitted).

## IV. DISCUSSION

As set forth *supra*, obtaining a default judgment pursuant to Fed. R. Civ. P. 55 is a two-step process: first the Clerk of the Court must enter a defendant's default after the properly served defendant failed to plead or otherwise defend itself. Once the entry has been made by the Clerk, a plaintiff can request the Clerk to enter default judgment when a plaintiff's claim is for a sum certain, but in all other cases, such as the instant case, a plaintiff must apply to the court for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Here, the Clerk of the Court entered default on April 12, 2024, against Defendant for failing to plead or otherwise defend itself following the summons returned as executed on March 20, 2024, (ECF No. 5). Since then, the docket reflects that Defendant has not made an appearance or responded to this case. Thus, the first step is satisfied, and the Court will proceed to determine whether the entry of a default judgment is proper in this case.

### A. Jurisdiction

"Before entering a default judgment as to a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Tri-Union Seafoods, LLC*, 2021 WL 1541054 at*3 (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, *2 (D.N.J. Jan. 22, 2015)) (internal citations omitted). Thus, the Court must first determine personal and specific jurisdiction over Defendant,

as well as subject matter jurisdiction, before it can proceed to any other aspect of the default judgment motion.

To establish personal jurisdiction over a corporation, the court must engage in a two step inquiry: 1) whether the relevant state long-arm statute permits the exercise of jurisdiction and 2) whether the exercise of jurisdiction comports with due process pursuant to the Fourteenth Amendment. *Cryopak Inc. v. Freshly LLC*, No. 23-18896, 2024 WL 4986818 at *3 (D.N.J. Dec. 5, 2024). "New Jersey's long-arm statute extends the state's jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016). Essentially, the Court must determine whether, under the Due Process Clause, a defendant has certain minimum contacts with the state such that the maintenance of the suit "does not offend the traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

Here, Plaintiffs assert that Defendant's principal place of business is located at 112 Fort Dix Road, Pemberton, New Jersey. *See* Compl. at ¶ 18. Plaintiffs assert that Defendant resides in this district. *Id.* at ¶ 5. Defendant received service of process in this District. *See* Certification in Support of Request for Entry of Default. Further, Plaintiffs assert that Defendant conducts business in the State of New Jersey. *See* Compl. at ¶ 19. Moreover, pursuant to 29 U.S.C. 1132(e)(2), an action may be brought in the district "where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served[.]" 29 U.S.C. 1132(e)(2). Given that the Defendant is physically located in the State of New Jersey, conducts business in New Jersey, and was served in New Jersey, the Court finds there are sufficient minimum contacts asserted with the state to bring suit against Defendant in New Jersey.

6

Further, the Court must ensure that its assertion of jurisdiction comports with the concepts of fair play and substantial justice. *Ross Univ. Sch. of Med. v. Amini*, No. 13-6121, 2014 WL 29032 at *5 (D.N.J. Jan. 2, 2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). At this step, the burden would normally fall on the defendant to show that the assertion of jurisdiction is unconstitutional. *Id.* (citing *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)). However, Defendant has failed to appear in this case. Thus, the Court has carefully reviewed the record and has found no evidence in the record to suggest that it would be unfair or against the concept of substantial justice to have Defendant, a business located and operated within the State of New Jersey, to answer a Complaint in federal court in their home State. Therefore, the Court finds that it has specific jurisdiction over Defendant.

The Court has subject matter jurisdiction over Plaintiffs' claims because claims arise pursuant to ERISA, 29 U.S.C. §§ 1132, 1145. Thus, the Court is satisfied that the prerequisites for jurisdiction are met in this matter.

### B. Proper Service

The Federal Rules for executing service provide that "a domestic or foreign corporation, or a partnership or other unincorporated association . . . must be served in a judicial district of the United States, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(1)(B). Similarly, pursuant to New Jersey Court Rule 4:4-4(a)(6), service is proper upon a corporation where a copy of the summons and complaint is served to any officer, director, trustee, or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation. *See* N.J. Court Rules, R. 4:4-4.

Here, Plaintiffs filed the executed summons on March 20, 2024. *See* ECF No. 5. The filing indicates that Barry Nyul, the managing agent, was personally served the summons and Complaint. *Id.* The summons was served by an adult without a direct interest in the litigation and declared that the above information was true and correct under penalty of perjury. *Id.* The Court notes that Barry Nyul signed the Union Agreement and Addenda, and the Collective Bargaining Agreement as "Owner" and "Responsible Officer" on behalf of Architectural Sheet Metal, Inc., effective between June 1, 2021 and May 31, 2024. *See* Mot. for Default J. at Ex. H; I. This is sufficient for the Court to ascertain that Barry Nyul acted as an agent on behalf of the company at issue in this matter. *See Radius Bank v. Revilla & Co.*, No. 20-1370, 2021 WL 794558 at *3, (D.N.J. Mar. 2, 2021) (noting that process served upon an owner who also was a signatory of the Note at issue in the action was sufficient to establish proper service pursuant to Rule 4(h)). Thus, the Court is satisfied that proper service was made to Defendant.

### C. Sufficiency of Causes of Action

Next, the Court must consider whether the undisputed facts provided in Plaintiffs' Complaint allege legitimate claims. *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795 at *1 (D.N.J. Feb. 24, 2015) ("The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered.") (citations omitted); *see also Mancuso*, 2012 WL 1536210 at *2.

Here, Plaintiffs allege a breach of contract and violations of the ERISA statute. To sufficiently state a claim for a breach of contract pursuant to New Jersey law, a plaintiff must assert (1) that there was a valid contract between the parties; (2) the non-breaching party fulfilled their own contractual obligations; (3) a breach of that contract occurred; and (4) the non-breaching party sustained damages because of the breach. *MZL Capital Holdings, Inc. v. TD*

*Bank, N.A.*, 734 Fed. App'x 101, 105 (3d Cir. 2018). Plaintiffs assert that they have a valid contract with Defendant in the Complaint. Compl. at ¶¶ 20-25. Plaintiffs assert that they continue to perform under the contract by continuing to provide pension and welfare benefits, despite the breach. *See* Mot. for Default J. at 12. Plaintiffs assert that a breach occurred when Defendant failed to submit the contractually required remittance reports and benefit contributions from March 6, 2023. Compl. at ¶ 27. Plaintiffs contend that they have been damaged due the lack of remittance reports and contributions to the funds. *Id.* at ¶¶ 28-29, 31. The Court is satisfied that Plaintiffs have stated a legitimate breach of contract claim.

Further, the breach of contract involved a collective bargaining agreement that is governed by ERISA. *See* Compl. at ¶¶ 1, 7-8, 11, 16, 20, 29, 34. Section 515 of ERISA requires employers to make all contributions in accordance with the terms and conditions of their collective bargaining agreement. *See* 29 U.S.C. § 1145. Where an employer fails to make its required contributions, 29 U.S.C. § 1132 provides a private cause of action for plan participants, beneficiaries, and/or fiduciaries to bring a civil enforcement action against a delinquent or breaching employer. *See* 29 U.S.C. § 1132(a). ERISA further provides a civil cause of action for any violations, including for delinquent contributions, permitting the Court to award: unpaid contributions, and interest on same; an amount equal to or the greater of either the interest on the unpaid contributions or liquidated damages provided for under the plan not in excess of 20% of the unpaid contributions; reasonable attorney's fees and costs; and any other equitable relief the Court deems appropriate. *See* 29 U.S.C. § 1132(g).

Here, Plaintiffs allege that Defendant has failed to provide Plaintiffs with the required contributions to the funds and have failed to provide the remittance reports since March 6, 2023, which are necessary in order to determine whether a contributing employer has made all required

contributions and correctly reported hours worked by and paid to its employees, and to ensure that all eligible employees performing covered work have been identified. *See* Compl. at ¶¶ 27, 33-34. Plaintiffs assert that they have presented their demand to Defendant to submit the required reports, contributions, and penalties, but Defendant has refused to comply. *See* Compl. ¶ 30. These allegations, accepted as true for purposes of deciding this motion, are sufficient for the Court to find that Plaintiffs have stated viable causes of action for violation of ERISA.

### D. Default Judgment is Proper

Finally, the Court must consider whether the entry of default judgment is proper in the context of the instant case. In making this determination, the Court must consider several additional factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 686 (D.N.J. 2015) (internal citations and quotations omitted).

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). However, Defendant has not responded to this case, and such a failure prevents the Court from being able to ascertain any litigable defenses. *United States v. Vo*, No. 15-6327, 2016 WL 475313 at *3 (D.N.J. Feb. 8, 2016) (citing *Prudential Ins. Co of America v. Taylor*, No. 08-2108, 2009 WL 536403 at *1 (D.N.J. Feb. 27, 2009)). Therefore, no meritorious defense presently exists with respect to deciding this motion for default judgment.

Next, the Court must determine if a plaintiff will suffer prejudice by a defendant's failure to respond. Typically, default causes prejudice to a plaintiff "because it has been prevented from

10

prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Innovative Sports Mgmt., Inc. v. Tumi Int'l, Inc.*, No. 20-14253, 2021 WL 4026112 at *3 (D.N.J. Sept. 2, 2021) (internal citations and quotations omitted). Additionally, without the remedy of default judgment, a plaintiff facing a defendant that refuses to engage will be prejudiced because it has "no other means of seeking damages for the statutory harms caused by Defendant." *Dellecese*, 2017 WL 957848, at *3.

Here, Defendant was properly served and has not appeared. Plaintiffs do not have access to the reports Defendant was supposed to provide to determine whether Defendant has made the requisite contributions to the Funds. Defendant's failure to comply with its obligations has adversely affected Plaintiffs. *See* Compl. at ¶ 28. Without entry of default judgment, Plaintiffs would have no other means of redress.

Similarly, Defendant's complete failure to answer or respond in this case "evinces the Defendant's culpability[.]" *Teamsters Pension Fund of Philadelphia & Vicinity v. American Helper, Inc.*, No. 11-624, 2011 WL 4729023 at *4 (D.N.J. Oct. 5, 2011); *Interstate Realty Mgmt. Co. v. PF Holdings, LLC*, No. 16-4095, 2017 WL 53707 at *3 (D.N.J. Jan. 4, 2017) (finding that a defendant "may be presumed culpable for their inaction."). There is nothing in the record to show that Defendant's failure to respond was not willfully negligent, and therefore the Court is satisfied that such inaction supports a finding that Defendant is culpable. *Prudential Ins. Co. of America*, 2009 WL 536403 at *1.

As a result, the Court is satisfied that all factors support the entry of a default judgment and will grant Plaintiffs' motion.

### E. Attorney's Fees and Costs

11

At this juncture, Plaintiffs seek attorney's fees and costs in the amount of $10,170.24, and requests the Court to order Defendant to provide the remittance reports for the time period from March 6, 2023 to the date of this Court's Opinion to assist Plaintiffs in assessing the total amount of fringe benefit contributions due and owing. Currently, there is a minimum of $1,700.00 due and owing ($100 per month for seventeen months for the missing remittance reports as required by the Trust Agreements). While the total sum of money owed is uncertain due to the lack of remittance reports, interest on such a sum will be calculated at 2% of the delinquency per month, starting with the month the benefit contributions became delinquent per the Trust Agreements' collection policy. 29 U.S.C. § 1132 provides for such civil enforcement, and states in pertinent part:

> (1) In any action under this title (other than an action described in paragraph 2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
>> (A) the unpaid contributions,
>>
>> (B) interest on the unpaid contributions,
>>
>> (C) an amount equal to the greater of—
>>
>>> (i) interest on the unpaid contributions, or
>>>
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

With regard to attorney's fees and costs, the Court must perform a lodestar calculation by "determin[ing] the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." *Trs. of Int'l Union of Painters v. Leo Constructing, LLC*, No. 22-4645, 2024 WL 659346 at *6 (D.N.J. Feb. 16, 2024) (quoting *United Auto Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007)). To perform this analysis, a party must provide the Court "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Id.*

Here, Plaintiffs' counsel provides a spreadsheet, (*see* Exhibit K), reflecting the legal services performed, the party performing the services, the time required to perform each service and the date each service was performed, resulting in $8,470.24 in attorney's fees. Steven J. Bushinsky, Esq., charged a rate of $225.00 per hour; Daniel Mariani, Esq., charged a rate of $225.00 per hour, Jeanne Fitzgerald, Tara Salter, and Denielle D'Amore, all paralegals, charged a rate of $90.00 per hour pursuant to the firm's fee agreement with Plaintiffs, and provided approximately 68.8 hours of legal work. Counsel charged for costs related to service of process, a business search, and filing fees, resulting in $496.24. *See* M. for Default Judgment at Ex. K. The Court finds that the hourly rates and hours expended are reasonable in light of the nature of the case and services rendered, and that the costs, as specified in the motion, are reasonable. *See IUE Multi-Emplr. Pension Fund v. M&C Vending, Inc.*, No. 11-4335, 2013 WL 2007298 at *4 (D.N.J. May 10, 2013) (granting plaintiffs' motion for default judgment on an ERISA claim and awarding $12,525.00 in attorney fees and $363.76 in costs); *Trs. of Int'l Union of Painters v. Impact Storefront Designs LLC*, No. 22-667, 2023 U.S. Dist. LEXIS 227335 at *12 (D.N.J. Dec.

20, 2023) (granting plaintiffs' motion for default judgment on an ERISA claim and awarding $10,594.50 in attorney fees and $482.00 in costs).

With regard to Plaintiffs' request for this Court to order Defendant to supply the contracted-for remittance reports, such is permissible pursuant to 29 U.S.C. § 1132(g)(2)(E) ("such other legal or equitable relief as the court deems appropriate."). Such reports are necessary for the Court to assess the judgment award pursuant to 29 U.S.C. § 1132(g)(2).

The Court will grant this request and order Defendant to produce the delinquent remittance reports to Plaintiffs within thirty (30) days of the issuance of this Opinion. After reviewing the reports, Plaintiffs shall notify Defendant of any amounts found to be owing, including contributions, interest on unpaid contributions, and liquidated damages as allowed per 29 U.S.C. § 1132(g). Within ten (10) days of receiving the results, Defendant must remit to Plaintiffs all amounts due and owing. If Defendant does not pay Plaintiffs the amounts found owing, Plaintiffs shall petition the Court for judgment to be entered against Defendant for all contributions, interest, and liquidated damages then owing, together with an application for attorney's fees and costs.

## V.  CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default Judgment, (ECF No. 11), is **GRANTED**.

An order consistent with this Opinion will be entered.

June 9, 2025

KAREN M. WILLIAMS, U.S.D.J.